UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREAS MOUCHAS , *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>UNDER PRESSURE COFFEE INC., COFFEE WARSHIP INC., and MICHAIL PAPADOPOULOS.<br><br>Defendant(s) | Case No.:<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE AND CLASS ACTION** |

Plaintiff, ANDREAS MOUCHAS, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to themselves and upon information and belief as to all other matters, complaining of Defendant(s), UNDER PRESSURE COFFEE INC., COFFEE WARSHIP INC., and MICHAIL PAPADOPOLUOS (collectively "Defendant(s)") alleges:

1. **NATURE OF THE ACTION**

   1. This is a wage and hour action. This action seeks to recover damages for minimum wage, overtime, spread of hours, unpaid tips, liquidated damages and statutory damages, attorney's fees, costs, and interest  pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. **JURISDICTION**

   2. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff' claims under the NYLL pursuant to 28 U.S.C. § 1367.

3. **VENUE**

   3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as the Defendant(s) are in the Eastern District of New York.

4. **PARTIES**

4.1. **Plaintiff**

4.      Plaintiff resides in Queens, New York.

5.      Plaintiff worked as a barista and delivery worker from approximately July 2019 to March 23, 2023.

6.      Plaintiff regularly used a credit card machine to process customer orders.

4.2. **Defendant UNDER PRESSURE COFFEE INC.**

7.      Defendant UNDER PRESSURE COFFEE INC. is a New York business corporation with an agent for service of process named THE CORPORATION and address for service at 30-92 31ST STREET, ASTORIA, NY, UNITED STATES, 11102.

8.      The Chief Executive Officer of Defendant UNDER PRESSURE COFFEE INC. is Defendant MICHAIL PAPADOPOULOS.

9.      Defendant UNDER PRESSURE COFFEE INC used the phone number 347-233-0318.

10.     Defendant UNDER PRESSURE COFFEE INC. does business as a restaurant at 30-92 31ST STREET, ASTORIA, NY, UNITED STATES, 11102.

11.     Defendant UNDER PRESSURE COFFEE INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12.     Defendant UNDER PRESSURE COFFEE INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13.     In each of the three years preceding the filing of this Complaint, Defendant UNDER PRESSURE COFFEE INC. annual gross volume of sales exceeded $500,000.

14.     Defendant UNDER PRESSURE COFFEE INC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

15.     Defendant UNDER PRESSURE COFFEE INC. exercised control, oversight, and direction over Plaintiff and similarly situated employees.

16.     Defendant UNDER PRESSURE COFFEE INC. applied the same employment policies, practices, and procedures to all Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

17.     Defendant UNDER PRESSURE COFFEE INC. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff and similarly situated employees.

### 4.3. **Defendant COFFEE WARSHIP INC.**

18.     Defendant COFFEE WARSHIP INC. is a New York business corporation with an agent for service of process named THE CORPORATION and address for service at 14-31 150TH ST., WHITESTONE, NY, UNITED STATES, 11357.

19.     The Chief Executive Officer of Defendant COFFEE WARSHIP INC. is Defendant MICHAIL PAPADOPOULOS.

20.     Defendant COFFEE WARSHIP INC. used the phone number 347-229-8605.

21.     Defendant COFFEE WARSHIP INC. does business as a restaurant at 1431 150th St, Queens, NY 11357, named "Under Pressure Espresso Bar Whitestone."

22.     Defendant COFFEE WARSHIP INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23.     Defendant COFFEE WARSHIP INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

24.     In each of the three years preceding the filing of this Complaint, Defendant COFFEE WARSHIP INC. annual gross volume of sales exceeded $500,000.

25.     Defendant COFFEE WARSHIP INC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

26.     Defendant COFFEE WARSHIP INC. exercised control, oversight, and direction over Plaintiff and similarly situated employees.

27.     Defendant COFFEE WARSHIP INC. applied the same employment policies, practices, and procedures to all Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

28.     Defendant COFFEE WARSHIP INC. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff and similarly situated employees.

**4.4. Defendant MICHAIL PAPADOPOULOS**

29.      Defendant MICHAIL PAPADOPOULOS was the owner at COFFEE WARSHIP INC. and UNDER PRESSURE COFFEE INC..

30.     On LinkedIn, Defendant MICHAIL PAPADOPOULOS is listed as the owner of "Under Pressure Coffee".

31.     Defendant MICHAIL PAPADOPOULOS used the phone number 347-233-0318.

32.    Defendant MICHAIL PAPADOPOULOS hired Plaintiff.

33.    Defendant MICHAIL PAPADOPOULOS supervised Plaintiff.

34.    Defendant MICHAIL PAPADOPOULOS managed Plaintiff.

35.    Defendant MICHAIL PAPADOPOULOS paid wages of Plaintiff.

36.    Defendant MICHAIL PAPADOPOULOS scheduled the work hours of Plaintiff.

37.    Defendant MICHAIL PAPADOPOULOS controlled the terms and conditions of employment of Plaintiff.

38.    Defendant MICHAIL PAPADOPOULOS kept payroll records, if any, regarding Plaintiff.

39.    Defendant MICHAIL PAPADOPOULOS had power to fire Plaintiff.

40.    Defendant MICHAIL PAPADOPOULOS is an employer under the FLSA and NYLL.

41.    Defendant MICHAIL PAPADOPOULOS exercised sufficient control over the operations of "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106 and "Under Pressure Coffee Whitestone" at 1431 150th St, Queens, NY 11357 to be considered an employer under the FLSA and NYLL.

## 5. FACTUAL ALLEGATIONS

### 5.1. Defendant(s)' Enterprise

42.    Defendant(s) UNDER PRESSURE COFFEE, INC and COFFEE WARSHIP INC. constitute an "enterprise" as defined in 29 U.S.C. § 203 engaged in the common business purpose of doing business as "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106 and "Under Pressure Espresso Bar Whitestone" at 1431 150th St, Queens, NY 11357.

43.    "Under Pressure Coffee" maintained a mailing and/or business address at 3019 31st Ave, Queens, NY 11106.

44.     "Under Pressure Espresso Bar Whitestone" maintained a mailing and/or business address at 1431 150th St, Queens, NY 11357

45.     "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106 and "Under Pressure Espresso Bar Whitestone" at 1431 150th St, Queens, NY 11357 engaged in related activities including brewing and serving coffee, tea, and baked goods.

46.     The phone number(s) to reach "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106 is 718-433-9380.

47.     The phone number(s) to reach "Under Pressure Espresso Bar Whitestone" at 1431 150th St, Queens, NY 11357 is 347-229-8605.

48.     The email(s) to reach "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" is or was info@underpressurecoffee.com.

49.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" operated as restaurants.

50.     The hours of operation for "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106  were approximately 7 days per week from 6AM to 8PM.

51.     The hours of operation for "Under Pressure Espresso Bar Whitestone" at 1431 150th St, Queens, NY 11357 were approximately 7 days per week from 7AM to 4PM

52.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" employed approximately 40 employees in the statute of limitations period immediately preceding the filing of the Complaint to the present.

53.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" engaged in related activities through unified operation.

54.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" performed related activities through common control of Defendant MICHAIL PAPADOPOULOS and

6

common business functions such as making and serving coffee, tea, and baked goods and common employees such as Plaintiff.

55.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" performed related activities for the common business purpose of preparing and serving coffee, tea, and baked goods.

56.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" performed related activities using the website: https://underpressurecoffee.com/.

57.     "Under Pressure Coffee" and "Under Pressure Espresso Bar Whitestone" performed related activities using the Instagram channel Under Pressure Coffee (@upespressobar).

**5.2. Wage and Hour Violations as to Plaintiff**

58.     Plaintiff was ostensibly employed as a barista and delivery driver.

59.     Plaintiff's job responsibilities included but were not limited to making coffee, cleaning, baking, and making deliveries.

60.     Plaintiff was hired on or about July 2019.

61.      Plaintiff was hired by Defendant MICHAIL PAPADOPOULOS.

62.     Plaintiff was supervised by Defendant MICHAIL PAPADOPOULOS

63.     Plaintiff worked at "Under Pressure Coffee" at 3019 31st Ave, Queens, NY 11106 and "Under Pressure Espresso Bar Whitestone" at 1431 150th St, Queens, NY 11357.

64.     Plaintiff was employed by Defendant(s) until approximately March 23, 2023.

65.     From approximately July 2019 to December 2020 Plaintiff was paid $13 per hour and was paid $13 per hour for overtime.

66.     From approximately January 2021 to March 23, 2023, Plaintiff was paid $1000 per week.

67.     Plaintiff spent at least 25% of the time performing physical tasks to qualify Plaintiff as a Manual Worker as that term is used in Section 190(4) of the New York Labor Law.

68.     Plaintiff was not compensated on a weekly basis, i.e., within 7 days of the week in which work was performed.

69.     Instead, Plaintiff was frequently paid more than 7 days after the workweek.

70.     Plaintiff was not paid a spread of hours premium for shifts and/or split shifts worked in excess of ten (10) hours in violation of the NYLL.

71.     At least once a week starting approximately January 2021, Plaintiff would work 11 hours a week.

72.     Yet Plaintiff was not paid any spread of hours premium for those hours.

73.     From approximately July 2019 to approximately January 2021, Plaintiff worked the following approximate schedule: five days per week for approximately 43 hours per week.

74.     From approximately January 2020 to March 23, 2023, Plaintiff worked the following approximate schedule: one week per month, he worked six days per week for a total of approximately 51 hours and three weeks per month, he worked 7 days per week for a total of 59 hours per week.

75.     On or about the weeks of February 4, 16, 23, March 2, 9, 16, and 23, 2023, Defendant(s) deducted $ 1000 per week, i.e., $7,000 in total, from the wages of Plaintiff.

**5.3. <u>Defendant(s)' Payroll Recordkeeping Practices.</u>**

76.     Defendant(s) did not keep accurate records of the number of hours worked each day by Plaintiff.

77.     Defendant(s) did not keep accurate records of the number of hours worked each week by Plaintiff.

78.    Defendant(s) did not keep accurate records of the time of arrival and departure of Plaintiff for each work shift.

79.    Defendant(s) did not keep accurate records of the regular wages earned by Plaintiff.

80.    Defendant(s) did not keep accurate records of overtime wages earned by Plaintiff.

81.    Plaintiff was not given wage statements with each payment of wages as required by the NYLL.

82.    Plaintiff was not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

83.    In failing to provide proper wage statements and notices, Defendant(s) have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant(s)' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

84.    There is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

85.    Here, Defendant(s)' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendant(s)' conduct actually harmed Plaintiff and Class members.

86.    Defendant(s)' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendant(s)' calculations, and allowed Defendant(s) to hide their wrong-doing.

87.     This necessitated the current litigation to vindicate Plaintiff and Class members' rights.

88.     This conduct ensured Defendant(s)' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law.

89.     Moreover, Defendant(s) failure to provide wage notices allowed Defendant(s) to hide the proper frequency of pay to employees.

90.     Defendant(s)' failure to provide a wage notice to employees allowed Defendant(s) to hide their responsibility and deprive employees of timely compensation.

91.     Due to Defendant(s)' failure to provide legally mandated notices such as earning statements and wage notices, Defendant(s) were able to hide their wrongdoing from employees and continue to attempt to hide their wrongdoing necessitating the current litigation.

92.     The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

## 6.  COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiff brings this action on behalf of themselves, and all similarly situated workers who worked at "Under Pressure Coffee" within the statute of limitations period (6 years) prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

94.     The FLSA Collective consists of over 30 employees who have been victims of Defendant(s)' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

95.     As part of their regular business practice, Defendant(s) intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

  a. willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked;

  b. willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek;

  c. willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, worked for the benefit of Defendant(s).

96. Defendant(s)' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

97. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Baristas can be readily identified and located through Defendant(s)' records. The similarly situated Baristas should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

98. Upon information and belief, those similarly situated employees are known to Defendant(s), are readily identifiable, and can be located through Defendant(s)' records.

## 7.  CLASS ACTION ALLEGATIONS

99. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated workers who work or have worked for Defendant(s) within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

100. The class is so numerous that joinder of all members is impracticable because there are more than 30 members of the Rule 23 Class.

101.    There are questions of law or fact common to the class including but not limited to: whether Defendant(s) violated New York Labor Law minimum wage, overtime, spread-of-hours, pay frequency, wage notice and statement requirements.

102.    The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendant(s) within the statutory period, and sustained similar types of damages as a result of Defendant(s)' failure to comply with the NYLL.

103.    Plaintiff and the Rule 23 Class were all injured in that they were victims of Defendant(s)' violations of the NYLL due to Defendant(s)' common policies, practices, and patterns of conduct.

104.    The named Plaintiff will fairly and adequately protect the interests of the class.

105.    Plaintiff have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

106.    There is no conflict between the named Plaintiff and the Rule 23 Class members.

107.    Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant(s) or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

108.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

109.    Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

110.    Defendant(s) acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

111.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## 8.  CAUSES OF ACTION

### 8.1.  Fair Labor Standards Act – Unpaid Minimum Wages

112.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

113.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

114.    At all times relevant, Plaintiff and the members of the FLSA Collective and Rule 23 Class are, were or have been employees of Defendant(s) within the meaning of 29 U.S.C. §§ 201 et seq.

115.    At all times relevant, Defendant(s) have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

116.    Defendant(s) have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

117.    Defendant(s)' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant(s) were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant(s) have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

118.    Because Defendant(s)' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

119.    As a result of Defendant(s)' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**8.2. <u>Fair Labor Standards Act – Unpaid Overtime</u>**

120.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

121.    Defendant(s) have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

122.    Defendant(s)are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

123.     Defendant(s)have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

124.     Defendant(s)were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

125.     Due to Defendant(s)' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### 8.3. New York Labor Law - Unpaid Minimum Wages

126.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

127.     Defendant(s) have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

128.     At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendant(s), and Defendant(s) have been employers of Plaintiff and FLSA Collective within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

129.     Defendant(s) have failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

130.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Rule 23 Class, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

131.     534. Due to Defendant(s)' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendant(s) their unpaid minimum wages, liquidated damages as

provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### 8.4. New York Labor Law - Unpaid Overtime

132.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

133.    Defendant(s) have failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

134.    Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

135.    Due to Defendant(s)' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendant(s) their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### 8.5. New York Labor Law- Failure to Provide Wage Notices

136.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

137.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the Plaintiff_Name1 of the employer .... For

all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

138.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

139.    At the time of hire, Defendant(s) did not provide Plaintiff and the Rule 23 Class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendant(s).

140.    Defendant(s) violated NYLL § 195(1) by failing to provide Plaintiff and the Rule 23 Class with wage notifications containing the information required by NYLL § 195, et seq.

141.    The failure of Defendant(s) to provide Plaintiff and the Rule 23 Class with wage notifications in violation of NYLL § 195 was willful.

142.    By the foregoing reasons, Defendant(s) are liable to Plaintiff and the Rule 23 Class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**8.6.** **New York Labor Law- Failure to Provide Accurate Wage Statements**

143.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

144.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of

pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

145.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

146.    Plaintiff and the Rule 23 Class did not receive any wage statements from the Defendant(s).

147.    Defendant(s) violated NYLL § 195(3) by failing to provide Plaintiff and the Rule 23 Class with wage statements containing the information required by NYLL § 195(3).

148.    The failure of Defendant(s) to provide Plaintiff and the Rule 23 Class with wage statements in violation of NYLL § 195 was willful.

149.    By the foregoing reasons, Defendant(s) are liable to Plaintiff and the Rule 23 Class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**8.7. <u>New York Labor Law- Unpaid Spread-of-Hours Pay</u>**

150.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

151.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

152.     N.Y. Comp. Code Rules & Regs. tit. 12 §§ 146-1.6 requires that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

153.     Plaintiff regularly worked more than ten (10) hours in a day.

154.     Defendant(s) did not pay Plaintiff an additional hour's pay when they worked more than ten (10) hours in a day.

155.     Consequently, by failing to pay to Plaintiff an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendant(s) violated N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 and N.Y. Comp. Code Rules & Regs. tit. 12 §§ 146-1.6.

156.     By the foregoing reasons, Defendant(s) have violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6 and are liable to Plaintiff in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

**8.8.  New York Labor Law- Untimely Paid Wages**

157.     Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

158.     Defendant(s) paid Plaintiff more than 7 days after the end of the week in which the wages were earned.

159.     Throughout the employment, Plaintiff and the Rule 23 Class spent at least 25% of the working time performing physical tasks.

160.     Plaintiff and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a).

161.     Defendant(s) should have paid Plaintiff and the Rule 23 Class on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

162.    Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

163.    The failure to provide wages owed to Plaintiff and the Rule 23 Class, Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (*citing Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

164.    Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiff and the Rule 23 Class under Article III that is within the federal judicial power because Plaintiff and the Rule 23 Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

165.    Because Defendant(s) failed to pay Plaintiff and the Rule 23 Class on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiff and the Rule 23 Class is entitled to recover liquidated damages equal to wages that were paid late every period and are entitled to interest, attorney's fees and expenses.

## 9.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all other similarly situated persons, respectfully requests that the Court grant the following relief:

a.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notices, to all workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Under Pressure Coffee and Under Pressure Espresso Bar Whitestone. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.   Unpaid minimum wages and overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

c.   Unpaid minimum wages, overtime compensation, spread of hours pay, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

d.   Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

e.   Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff .and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

f.   Back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Plaintiff, the FLSA Collective, and the Rule 23 Class pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 215(a)(3), and NYLL § 215(1)(a);

g.   Prejudgment and post-judgment interest;

h.   Reasonable attorneys' fees and costs of the action; and

i.   Such other relief as this Court shall deem just and proper.

## 10. <u>JURY TRIAL DEMAND</u>

166.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Queens, New York
     March 26, 2024

SACCO & FILLAS LLP

By: _____*/s/Oscar Alvarado*_____
    Oscar Alvarado, Esq.
    3119 Newtown Ave, Seventh Floor

Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: Under Pressure Coffee Inc.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Under Pressure Coffee Inc for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
      March 26, 2024

SACCO & FILLAS LLP

By: _____/s/ Oscar Alvarado_____
    Oscar Alvarado, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    Fax: 718-559-6517
    OAlvarado@SaccoFillas.com
    *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: Under Pressure Coffee Inc.

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
      March 26, 2024

SACCO & FILLAS LLP

By: _____*/s/ Oscar Alvarado*_____
    Oscar Alvarado, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    Fax: 718-559-6517
    OAlvarado@SaccoFillas.com
    *Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: Coffee Warship Inc.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Coffee Warship Inc for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
      March 26, 2024

SACCO & FILLAS LLP

By: _____ /s/ Oscar Alvarado
    Oscar Alvarado, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2207
    Fax: 718-559-6517
    OAlvarado@SaccoFillas.com
    *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: Coffee Warship Inc.

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York    SACCO & FILLAS LLP
   March 26, 2024

            By: _____ */s/ Oscar Alvarado*
             Oscar Alvarado, Esq.
             3119 Newtown Ave, Seventh Floor
             Astoria, NY 11102
             Tel: 718-269-2207
             Fax: 718-559-6517
             OAlvarado@SaccoFillas.com
             *Attorneys for Plaintiffs*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: Andreas Mouchas

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _____   Date/Fecha: 6-13-2024